UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NCO FINANCIAL SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> P & L INVESTMENTS, <br><br> Defendant. | Civil Action No. _____ |

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, NCO Financial Systems, Inc. ("NCO"), and respectfully represents:

### Parties

1.      NCO is a Pennsylvania corporation that provides debt collection and debt-collection-related services to clients.

2.      Defendant, P & L Investments ("P&L"), is an investment banking and asset management firm, and a former NCO client, having its principal place of business and center of operations in Washington, D.C.

### Jurisdiction and Venue

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between NCO and P&L, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.      Venue is proper in this Court because the parties contractually agreed to litigate this dispute in any court of competent jurisdiction located in Pennsylvania and because NCO's damages were incurred in this district.

## Facts

5.      On information and belief, prior to November 16, 2007, the Healthcare Services Division for the U.S. Department of Health and Human Services ("HHS") contracted with P&L to provide services relating to unpaid and delinquent HHS patient accounts.

6.      On November 16, 2007, P&L contracted with NCO to provide collection and collection related services ("Accounts Receivable Services") in fulfillment of or in connection with P&L's contractual obligation to HHS.   *See* 11/16/2007 Services Agreement and Addendum (hereinafter collectively referred to as the "Agreement"), Exhibit 1, at ¶ 1.

7.      After November 16, 2007, and from time to time, P&L referred HHS patient accounts to NCO for Accounts Receivable Services pursuant to the Agreement.

8.      In accordance with the Agreement, NCO provided Accounts Receivable Services and reported and remitted all collected monies, in gross, directly to P&L.

9.      NCO is contractually entitled to fees from P&L for its Accounts Receivable Services, as specified in the Agreement.

10.      Notwithstanding P&L's receipt of the monies due NCO per the Agreement, to date, P&L has failed or refused to pay NCO the full amount is owed which it is entitled, without satisfactory explanation and despite repeated demand.

11.     P&L wrongfully accepted, withheld, and absconded with the monies due and owing to NCO.

### First Cause of Action – Breach of Contract

12.     NCO incorporates by reference all prior allegations herein.

13.     The Agreement is a valid and binding contract, whereby NCO agreed to provide to P&L or on its behalf Accounts Receivable Services for a fee.

14.     NCO performed its obligation under the Agreement.

15.     NCO is justly entitled to $719,252.58 from P&L in fees earned under the Agreement.

16.     To date, P&L has remitted only $489,947.95 to NCO for fees NCO earned in providing Accounts Receivable Services under the Agreement.

17.     P&L owes NCO outstanding fees in the amount of $229,304.63, which P&L has been paid and is wrongfully withholding.

18.     P&L's refusal to pay all fees due and owing to NCO under the Agreement constitutes a breach of its contract with NCO.

19.     As a result of P&L's breach of contract, NCO has sustained and continues to sustain damages, including attorneys' fees and costs, in an amount to be determined at trial.

### Second Cause of Action – Breach of Good Faith and Fair Dealing

20.     NCO incorporates by reference all prior allegations herein.

21.     Implicit in every contract is the obligation to perform in good faith.

22.     P&L breached its implied covenant of good faith and fair dealing by contracting with NCO to perform Accounts Receivable Services, by causing NCO to perform such services, by refusing to pay NCO as it agreed to do for the services that NCO provided, and by wrongfully withholding monies due and owing to NCO.

23.     As a result of P&L's breach of good faith and fair dealing, NCO has sustained and continues to sustain damages, including attorneys' fees and costs, in an amount to be determined at trial.

### Third Cause of Action –Promissory Estoppel/Detrimental Reliance

24.     NCO incorporates by reference all prior allegations herein.

25.     P&L promised to pay fees to NCO in exchange for NCO's promise to provide Accounts Receivable Services.

26.     In reliance upon P&L's promises, NCO devoted resources and incurred expenses in preparing for and accomplishing the Accounts Receivable Services NCO provided to P&L or on its behalf.

27.     P&L knew or should have known that its promises would induce NCO to incur expenses in reliance on P&L's promises.

28.     As a result of P&L's promises, P&L is liable to NCO for the value of all of the resources that NCO devoted and the expenses that NCO incurred in preparing for and accomplishing the Accounts Receivable Services NCO provided to P&L or on its behalf.

### Fourth Cause of Action – Unjust Enrichment/Quantum Meruit

29.     NCO incorporates by reference all prior allegations herein.

30.     P&L has received and is in possession of monies and other benefits resulting directly or indirectly from NCO's Accounts Receivable Services.

31.     P&L has wrongfully accepted and retained, and continues to wrongfully accept and retain, the monies and other benefits resulting directly or indirectly from NCO's Accounts Receivable Services, all to the detriment of NCO.

32.     As a result of P&L's wrongful acceptance and retention of monies and other benefits resulting from NCO's Accounts Receivable Services, P&L is liable to NCO for all of the resources that NCO devoted and the expenses that NCO incurred in performing Accounts Receivable Services for P&L.

## Fifth Cause of Action - Conversion

33.     NCO incorporates by reference all prior allegations herein.

34.     NCO remitted, in gross, all monies collected under the Agreement to P&L.

35.     P&L has wrongfully converted, and continues to wrongfully convert, monies due and owing to NCO.

36.     NCO is entitled to immediate possession of all its earned fees for the monies remitted to P&L as a result of NCO's successful Accounts Receivable Services efforts under the Agreement.

37.     In refusing to surrender the fees to NCO that NCO has earned and that P&L obliged itself to pay to NCO, P&L is intentionally exercising wrongful dominion and control over NCO's funds.

38.     P&L is liable to NCO for NCO's expenses incurred and damages resulting from P&L's wrongful conversion of NCO's funds.

**Request for Jury**

39.     NCO requests a trial by jury.

WHEREFORE, plaintiff, NCO Financial Systems, Inc., respectfully requests that defendant, P & L Investments, be served with a copy of this Complaint and be duly cited to appear and respond to this Complaint, and that after all legal delays and due proceedings are had, there be judgment herein in favor of NCO and against P & L, for all damages that NCO will prove at trial, including all costs, attorneys' fees, and post-judgment interest allowable by law or provided by contract, and for all other general and equitable relief to which it is entitled.

Dated:  July 16, 2012

Respectfully submitted

/s/ Aaron R. Easley
Aaron R. Easley, Esq. (73683)
**SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.**
200 Route 31 North, Suite 203
Flemington, NJ 08822
Phone: (908) 751-5940
Fax: (908) 751-5944
aeasley@sessions-law.biz

Attorney for Plaintiff
NCO Financial Systems, Inc.